IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| FEI LU | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   CASE NO.:2:24-CV-00386-TLS-JEM |
| | ) |
| JIE (JESSICA) PAN, | ) |
|     Defendant. | ) |

## FIRST AMENDED CIVIL COMPLAINT

Plaintiff, Fei Lu, by counsel, and for his Complaint against Jie Pan, states as follows:

### Jurisdiction and Venue

1. This action arises under the laws of the State of Indiana and comes to this Court through diversity.

2. The amount in controversy exceeds $75,000.

3. This Court has jurisdiction for this action under 28 U.S.C. §§ 1332.

4. Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391 insofar as all relevant acts and occurrence leading to the Complaint filed by Plaintiff occurred in this judicial district.

### Parties

5. At all times relevant to his involvement in this case, Fei Lu (hereinafter "Dr. Lu" or "Plaintiff") was a United States citizen residing in St. Joseph County, Indiana.

6. Dr. Lu currently lives at 14720 Carrican Court, Granger, IN 46530.

7. At all times relevant to her involvement in this case, Jie Pan was a permanent resident of the United States who resided at 188 W. Randolph Street, Apt. 3202, Chicago, IL 60601.

8. On knowledge and belief, Defendant is currently a resident of Illinois, and lives at 188 W. Randolph Street, Apt. 3202, Chicago, IL, 60601

**Factual Background**

9. On or around September 2021, Dr. Lu and Defendant entered into a romantic relationship.

10. On or around December 2021, Defendant moved into Dr. Lu's home.

11. On or around December 2021, Defendant prevented Dr. Lu from leaving his bedroom by grabbing his hair and pulling him to the ground.

12. On or around December 2021, Defendant cut up Dr. Lu's daughter's clothing and toys as retaliation for Dr. Lu spending time with his daughter, instead of Defendant.

13. On or around February 19, 2022, Dr. Lu ended the relationship out of fear for his and his daughter's safety and concern about Defendant's behaviors.

14. Beginning on or around January 1, 2023, Defendant began to send text messages, emails, and letters to Dr. Lu's colleagues and neighbors with extreme, outrageous, and unsubstantiated allegations of child abuse.

15. On or around May 6, 2023, Defendant knowingly sent 20-30 letters with these false allegations to Dr. Lu's place of employment to his fellow doctors and the nursing staff, while posing as Dr. Lu's children.

16. Upon information and belief, on or around May 6, 2023, Defendant sent multiple defamatory letters to Dr. Lu's past places of employment and education with the explicit purpose of tarnishing his reputation with those institutions.

17. Defendant knowingly included false allegations of child abuse in these letters with the intent of damaging Dr. Lu's professional and personal standing with his neighbors, peers, and colleagues.

18. Defendant, posing as Dr. Lu's children, sent these letters in an attempt to have Dr. Lu fired and/or jailed, and to irreparably damage his standing in the medical community.

19. The content of these letters was so extreme and outrageous that eight people called child services to investigate Dr. Lu.

20. Dr. Lu is innocent of all of Defendant's allegations, and each of the child services investigations found the events described in the letters to be unsubstantiated.

21. Aside from Dr. Lu, Defendant was the only individual with knowledge of certain details included in the body of the above letters.

22. The Defendant published the above communications with the express purpose of causing harm and extreme emotional distress to Dr. Lu.

23. On or around June 27, 2023, Dr. Lu filed a petition for order of protection against Defendant.

24. Upon information and belief, on July 8, 2023, Defendant attempted to force Dr. Lu to pay her $10,000,000 with threats of violence towards him and his family and in retaliation for Dr. Lu filing a petition for order of protection.

25. Upon information and belief, on July 22, 2023, Defendant threatened to file a false police report against Dr. Lu if he did not withdraw his petition for a protective order against her.

26. On or around September 22, 2023, Dr. Lu's protective order was granted and entered against Defendant for a period of two years.

## Count I: Defamation Per Se

27. Plaintiff re-alleges paragraphs 5-26 above as fully set forth herein.

28. Defamation is that which tends to injure reputation or to diminish esteem, respect, goodwill or confidence in the plaintiff, or to excite derogatory feelings or opinions about the plaintiff.

29. To maintain an action for defamation, a plaintiff must prove a communication with four elements: (1) defamatory imputation; (2) malice; (3) publication; and (4) damages.

30. A communication is defamatory per se under well-settled common law rules if it imputes: (1) criminal conduct; (2) a loathsome disease; (3) misconduct in a person's trade, profession, office, or occupation; or (4) sexual misconduct.

31. Defendant did publish communications to Dr. Lu's colleagues and coworkers which were defamatory in nature and were communicated with actual malice and reckless disregard for the truth.

32. The content of the communications implied, amongst other things, criminal conduct vis-à-vis allegations of child abuse.

33. Dr. Lu suffered damages as a direct and proximate result of Defendant's defamatory communications.

34. The nature of Defendant's communications also constitutes defamation per se, a cause in which damages are presumed.

## Count II: Invasion of Privacy

35. Plaintiff re-alleges paragraphs 5-34 above as fully set forth herein.

36. One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if (1)

the false light in which the other was placed would be highly offensive to a reasonable person, and (2) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

37. Defendant did place Dr. Lu in a false light before the public through her written, published allegations of child abuse.

38. Defendant had knowledge of the falsity of the publicized matter and/or the false light in which she placed Dr. Lu.

39. Dr. Lu endured emotional and mental suffering in the course of learning of these publications and in dealing with the consequences of false allegations of child abuse and other highly offensive topics.

40. Dr. Lu endured additional damages in the form of lost income because of the time spent dealing with the legal, professional, and personal consequences of Defendant's actions.

## **Count III: Intentional Infliction of Emotional Distress**

41. Plaintiff re-alleges paragraphs 5-40 above as fully set forth herein.

42. The elements of an action for intentional infliction of emotional distress are that the Defendant: (1) engages in extreme and outrageous conduct (2) which intentionally or recklessly (3) causes (4) severe emotional distress to another.

43. Defendant has engaged in extreme and outrageous conduct through her defamatory actions and attempted extortion of Dr. Lu.

44. Defendant engaged in this conduct intentionally, and with reckless disregard to the actual truth.

45. Defendant's extreme and outrageous conduct was the direct and proximate cause of severe emotional distress experienced by Dr. Lu.

46. Dr. Lu suffered substantial and serious emotional distress as a result of Defendant's actions.

47. The mental and emotional distress prevented Dr. Lu from fully taking advantage of his career and caused additional damages in the form of lost income.

WHEREFORE, Dr. Lu prays for a judgment on all counts for an amount commensurate to his damages, pre-judgment interest, and costs all of which to be proven at trial, and for all other relief this Honorable Court should find just and proper.

Respectfully submitted,

/s/ Aaron Robbins
Aaron Robbins [36286-64]
ROBBINS AND SEVILLE, LLC
714 N. Main St.
Crown Point, IN 46307
219-323-3956
aaron.robbins@roseattorneys.com

/s/ David Wu
David W. Wu [38697-79]
ROBBINS AND SEVILLE, LLC
714 N. Main St.
Crown Point, IN 46307
o 219.333.2379 | m 219.333.2375
david.wu@roseattorneys.com