**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

FEI LU,

            Plaintiff,

            v.                            CAUSE NO.: 2:24-CV-386-TLS

JEI (Jessica) PAN,

            Defendant.

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. The Court must continuously police its subject

matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002).

The Complaint alleges that the Court's original subject matter jurisdiction is based on

diversity of citizenship under 28 U.S.C. § 1332. Compl. ¶ 3, ECF No. 5; Am. Compl. ¶ 3, ECF

No. 15. Diversity jurisdiction exists when the parties to an action on each side are citizens of

different states, with no defendant a citizen of the same state as any plaintiff, and the amount in

controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a)(1). As the party seeking to invoke this

Court's jurisdiction, the Plaintiff bears the burden of demonstrating that the jurisdictional

requirements have been met. *See Hertz Corp. v. Friend*, 559 U.S. 77, 97 (2010); *Smart v. Local*

*702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802–03 (7th Cir. 2009). A failure to meet that

burden can result in a dismissal. *See Mut. Assignment & Indem. Co. v. Lind-Waldock & Co.,*

*LLC*, 364 F.3d 858, 861–62 (7th Cir. 2004).

In this case with claims that include defamation, invasion of privacy by false light, and

intentional infliction of emotional distress, the Plaintiff has sufficiently alleged that amount in

controversy exceeds $75,000.00. *See* Compl. ¶ 2; Am. Compl. ¶ 2; *Sykes v. Cook Inc.*, 72 F.4th

195, 205 (7th Cir. 2023) ("The plaintiff's allegations about the amount in controversy control unless the court concludes, 'to a legal certainty,' that 'the face of the pleadings' demonstrates 'that the plaintiff cannot recover' the jurisdictional minimum or that 'the proofs' show that 'the plaintiff never was entitled to recover that amount.'" (quoting *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938))).

As for diversity of citizenship, however, the Plaintiff alleges that he is a United States citizen "residing" in St. Joseph County, Indiana, and "currently liv[ing]" at an address in Granger, Indiana. Compl. ¶¶ 5, 6; Am. Compl. ¶¶ 5, 6. And the Plaintiff alleges that the Defendant is a permanent resident of the United States who is a "currently a resident" of Illinois and "lives" at an address in Chicago, Illinois. Compl. ¶¶ 7,8; Am. Compl, ¶¶ 7, 8. Citizenship of a natural person is determined by domicile, not by residence, and "domicile is the place one intends to remain." *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58–59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332). Thus, the Plaintiff must allege both his domicile and that of the Defendant as of the date the Complaint was filed.

Accordingly, the Court ORDERS the Plaintiff to FILE, on or before April 15, 2026, a supplemental jurisdictional statement curing the deficiencies set forth above.

SO ORDERED on March 26, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

2